20316

In the Matter of Charles F. DAWES, Respondent.

(230 S. E. (2d) 446)

*Messrs. Daniel R. McLeod, Atty. Gen., John P. Wilson* and *A. Camden Lewis, Asst. Attys. Gen.,* of Columbia, *for Complainant.*

*Messrs. F. Watson Dawes (Guardian)* of Loris, and *J. Reuben Long* and *Kenneth C. Inman,* of Conway, *for Respondent.*

December 1, 1976.

*Per Curiam:*

After hearings pursuant to our Rule on Disciplinary Procedure for Attorneys, the Board of Commissioners on Grievances and Discipline filed with this Court its final certified Report concurring in the Report of the hearing Panel with respect to the charges against the respondent. The Panel found that the respondent came into possession of funds belonging to two of his clients, that he had promised and was bound to expend these funds on their behalf in concluding a personal injury claim, and that for a considerable period of time he did not do so. Additionally, no satisfactory explanation of this failure to timely pay these funds was made by the respondent. The Panel further found that the respondent did not maintain a separate bank account for his clients' funds, but instead commingled them with his own.

While the Panel found that the above-stated delicts of the respondent were in violation of the applicable canons, it found that the acts were not committed with the intent to harm any persons, but that such acts were the result of, and were directly and proximately caused by, his medical con-

dition which included, but was not limited to, diabetes and alcoholism. Accordingly, the Panel found that the conduct of the respondent fell within subsection (e) of Rule 4, namely:

"(e) emotional or mental stability so uncertain, as in the judgment of ordinary men, would render a person incapable of exercising such judgment and discretion as necessary for the protection of the rights of others and/or their property or interest in property."

Both the Panel and the Board recommended that the respondent should have his license to practice law suspended until such time as he is capable of demonstrating that he has sufficiently recovered his health.

After hearing arguments of counsel, we believe that the findings of the Board and the Panel are supported by the evidence, and their recommendations are accepted.

Accordingly, it is ordered that the respondent be suspended from the practice of law until such time as he is capable of demonstrating that he has sufficiently recovered his health as to warrant his reinstatement. In no event, however, will an application be entertained within one (1) year from the date of this opinion.

The respondent above named shall, within five (5) days from the service of this order upon him, surrender to the Clerk of this Court the certificate heretofore issued by this Court admitting him to practice.